Milton Alpert, J.
The State, by notice of motion dated Movember 4, 1968 and returnable at the motion term of this court held at Buffalo, Mew York on Movember 12, 1968, moved for an order permitting it to file a revised appraisal pursuant to rule 25a (subd. 4, par. [b]) of the Rules of the Court of Claims.
*291 Claimant filed an appraisal pursuant to rule 25a on December 27.1967. The State filed an appraisal pursuant to such rule on January 5, 1968 and these appraisals were exchanged by the Clerk of the Court on January 8, 1968, in accordance with the provisions of the rule.
The 60-day time limit for amendments pursuant to subdivision 3 of the rule has expired.
The State now seeks to file a revised appraisal, alleging inadvertence in filing the original appraisal and that the one filed was not correct, exact or proper for trial purposes and was intended only for settlement negotiations. The State alleges that the above demonstrates ‘1 unusual and substantial circumstances which if not remedied would cause undue hardship.” Both of the State’s appraisals, the one filed and the proposed revised appraisal, were prepared by the same appraiser. The former was as of September 26, 1966, while the latter was as of May 18.1967, which was the date of the State’s taking.
Paragraph (b) of subdivision 4 of rule 25a also provides that relief from filing requirements of such rule may be granted at a “reasonable time before trial”. Here trial was scheduled for November 25, 1968 and the State’s motion was filed on November 6, 1968. This was not “ a reasonable time before trial ”. If the trial is not held on such day, as then scheduled, it will be due to a circumstance not then anticipated.
Actually, the State is asking for the court’s approval to substitute an entirely new appraisal with seven comparable sales none of which is contained in the originally filed appraisal, which contains five other comparable sales. This request to file the new appraisal is based on the State’s claim that its originally filed appraisal is legally insufficient because it was dated before the date of taking and because it is alleged that the official who filed it did so by inadvertence. The official in question has not filed an affidavit to such effect.
The court finds that the State’s motion here is made too late, after claimant has prepared for trial based on the originally filed appraisal, and too near in time to the date set for trial. Furthermore, the State really seeks the court’s approval to file what basically would be a new appraisal instead of to correct errors or otherwise make its originally filed appraisal legally acceptable in view of the State’s taking on May 18,1967.
While the court is hereby denying the State’s motion as made, it would, if requested, and in the interests of justice and expeditious trial of the claim, approve corrections in the originally filed appraisal to make it legally acceptable for trial purposes.
The instant motion of the defendant is denied.